In re **COLORADO CENTRE METRO-POLITAN DISTRICT, Debtor.**

**Bankruptcy No. 89 B 16410 J.**

United States Bankruptcy Court,
D. Colorado.

April 5, 1990.

---

James S. Bailey, Calkins, Kramer, Grimshaw & Harring, Denver, Colo., for debtor.

Kelly Lambert, Denver, Colo., for U.S. trustee.

F. Stephen Collins, Pendleton & Sabian, P.C., Denver, Colo., for Official Bondholders Committee.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Official Bondholders Committee's Motion for Extension of Time to Object to Entry of Order for Relief and the Debtor's Objection thereto.

On December 5, 1989, Colorado Centre Metropolitan District ("District") filed its voluntary petition under Chapter 9, Title 11, U.S.C. On January 19, 1990, this Court issued its Order for Procedure Regarding Notice pursuant to 11 U.S.C. § 923 and Bankruptcy Rule 2002. The District provided notice in accordance with that Order on January 26, 1990. The notice stated that the last day to file objections was on or before March 5, 1990. On January 29, 1990, the United States Trustee sent notice to the twenty largest unsecured creditors notifying them of an organizational meeting of the unsecured creditors to be held on March 1, 1990. At that meeting the United States Trustee appointed eight individuals as members of the Official Bondholders Committee. On March 5, 1990, the Committee filed the within Motion for Extension.

The District opposes the Motion arguing that the Committee has no standing. The argument is that under § 1102(a)(1), made applicable to Chapter 9 by § 901(a), any committee representing creditors may only be appointed after entry of the "Order for Relief". And, under § 921(d) the "Order for Relief" has not entered. Sections 921(c) and (d) read as follows:

(c) After any objection to the petition, the court, after notice and a hearing, may dismiss the petition if the debtor did not file the petition in good faith or if the petition does not meet the requirements of this title.

(d) If the petition is not dismissed under subsection (c) of this section, the court shall order relief under this chapter.

The Committee counters that § 301, made applicable to Chapter 9 by § 901(a), provides that "The commencement of a voluntary case under a chapter of this title constitutes an *order for relief under such chapter.*" [Emphasis added]. Thus, it is argued, the "Order for Relief" was entered on the date of filing, or December 5, 1989, and, therefore, the Committee was properly formed and appointed and has standing to bring the instant Motion.

*Collier* opines that the last phrase of § 921(d), "... the court shall order relief under this chapter.", is superfluous and states that the language in § 301 makes it unnecessary for the court to order relief under § 921(d). *Collier on Bankruptcy,* 15th ed., ¶ 921.04, p. 921–5.

█ At first blush, this Court would agree with the Committee and *Collier.* However, upon closer examination, I cannot agree that § 921(c) is superfluous. Section 921(c), *supra,* clearly contemplates court inquiry as to the *bona fides* of the petition. Thereafter, § 921(d) specifies that if these *bona fides* are not met, the petition should be dismissed. Further, § 921(e) specifically sets forth that an appeal of an "order for relief" shall not delay any proceeding in the case pending appeal and even the reversal on appeal of a finding of jurisdiction does not affect the validity of any debt incurred during the pendency of the case is authorized by the court. I think Congress clearly intended that a distinct "order for relief" would be entered by the court in Chapter 9 cases. To hold

otherwise would make §§ 921(c) and (e) superfluous. In addition, if the general language of § 301 is adopted as controlling on the issue, there is no "order", *per se*, from which an appeal can be taken under § 921(e). Finally, proper statutory interpretation demands that specific language shall control over general language. Section 921(d) is specific as to when the "order for relief" shall enter in a Chapter 9 case. Section 301 is a general provision governing where and when the commencement of any voluntary case shall take place.

The legislative history to § 301 contains an interesting comment as follows:

Sections 301, 302, 303, and 304, are all modified in the House amendment to adopt an idea contained in sections 301 and 303 of the Senate amendment requiring a petition commencing a case to be filed with the bankruptcy court. The exception contained in section 301 of the Senate bill relating to cases filed under Chapter 9 is deleted. Chapter 9 cases will be handled by a bankruptcy court as are other title 11 cases. (The remarks are identical. 124 Cong.Rec. H11091 (daily ed. Sept. 28, 1978); S17407 (daily ed. Oct. 6, 1978)).

Thus, it would seem that the original House version of the legislation contemplated the filing of a Chapter 9 petition somewhere other than with the Bankruptcy Court or in some manner different than other voluntary petitions. This would explain, and indeed support the interpretation, *supra*, that Congress intended that Chapter 9 petitions receive different treatment at the outset of the case, i.e., that the court should examine the petition *before* entering the "order for relief". It is, therefore,

ORDERED that the Committee had no standing to request an extension of time to object to the petition because said Committee was improperly formed. Such a Committee cannot be formed until after an order for relief has entered in the case, and, therefore the within Motion is denied.